UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON LEVI SHAW,   CASE NO:  8:20-cv-2491-T-60SPF

    Plaintiff,

vs.

TRI-COUNTY HUMAN SERVICES, INC.,

    Defendants.
_____/

## MOTION TO DISMISS

**COMES NOW** Defendant, Tri-County Human Services, Inc., by and through undersigned counsel and hereby files its Motion to Dismiss and would state as follows:

Plaintiff Aaron Levi Shaw, *pro se*, filed this action against Tri-County Human Services, Inc. seeking ten million dollars in pain and suffering damages due to a purported violation of the Congenital Heart Futures Reauthorization Act. [Doc. 1.] Tri-County Human Services, Inc. is a non-profit organization providing adult clinical and treatment services. According to the Complaint, Plaintiff is a congenital heart disease patient seeking housing assistance. *Id.* at 4. Plaintiff alleges he was "brought in as a mental health patient" and inquired about state medical insurance. *Id.* He further alleges he was "removed from the program, delayed housing and insurance, and forced into homelessness during COVID-19." *Id.* Plaintiff fails to include any further allegations in support of his claims.[1]

---

[1] Plaintiff is a prolific litigant. He filed four other lawsuits around the same time as the instant litigation seeking similar claims against the Commissioner of Social Security (Case No. 8:20-cv-02269); the Polk County Sheriff's Office (Case No. 8:20-cv-02490); the Tampa Bay Adult Congenital Center (Case No. 8:20-cv-02492); and the mayor of Winter Haven (Case No. 8:20-cv-02523). A review of the Middle District docket also shows another six lawsuits filed by Plaintiff over the years.

Plaintiff fails to state a viable cause of action against the Defendant. As set forth in more detail below, the Congenital Heart Futures Reauthorization Act does not create a private cause of action. Moreover, the Complaint fails to include sufficient allegations that would establish any viable cause of action against the Defendant. As a result, the Complaint should be dismissed.

## MEMORANDUM OF LAW

A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face," such that it pushes the claim "across the line from conceivable to plausible . . . ." *Id.* (quoting *Twombly*, 550 U.S. at 570). Without the necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.* at 1949. "[W]hen on the basis of a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal of the complaint is appropriate." *Florida Country Clubs, Inc. v. Carlton Fields, et al.,* 98 F. Supp. 2d 1356, 1362 (M.D. Fla. 2000) (citing *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991)).

Plaintiff fails to include any factual allegations that would support a claim against the Defendant. Furthermore, the Congenital Heart Futures Reauthorization Act does not provide for a private cause of action for any party. That legislation, codified at

42 U.S.C. § 280g-13, authorizes the Secretary of the Department of Health and Human Services to enhance and expand research and data collection efforts related to congenital heart disease. *Id.* The Act directs the Secretary to carry out such research activities to improve the understanding of the epidemiology of congenital heart disease, to carry out an awareness and educational campaign, to take action necessary to ensure public access to the information collected under the Act, and further authorizes the award of grants to public or private non-profit entities with specialized experience in congenital heart disease. *Id.* The Act does not allow for a private cause of action, nor does it regulate any activity that is even remotely related to the vague allegations included in Plaintiff's Complaint. Plaintiff's Complaint should therefore be dismissed.

**WHEREFORE,** the Defendant respectfully requests the Court enter an Order dismissing Plaintiff's Complaint, and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that on January 13, 2021, the foregoing was electronically served to Aaron Levi Shaw, AaronLShaw234@gmail.com, 212 Sunset Dr., Lake Alfred, Florida 33850.

                                            */s/ Joshua B. Walker*
                                       JOSHUA B. WALKER, ESQ.
                                       Florida Bar No. 0047614
                                       Walker, Revels, Greninger & Netcher, PLLC.
                                       189 S. Orange Ave., Suite 1830
                                       Orlando, FL 32801
                                       Tel: 407-789-1830    Fax: 321-251-2990
                                       JWalker@wrgn-law.com
                                       Attorney for Defendant